**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KALE VORAK, | No. 14-36112 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00335-SMJ |
| v. | |
| JOHN SERVATIUS, individually; CHUCK PRATHER, Individually, AKA Charles Prather, AKA Charles E. Prather, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Submitted April 13, 2016[**]

Before:     FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Washington state prisoner Kale Vorak appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging a First

Amendment retaliation claim arising out of the filing of prison grievances.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Brodheim v. Cry*, 584 F.3d 1262, 1267 (9th Cir. 2009). We affirm.

The district court properly granted summary judgment because Vorak failed to raise a genuine dispute of material fact as to whether defendants acted with a retaliatory motive or whether there was an absence of legitimate correctional goals for defendants' conduct. *See id.* at 1269 (setting forth the elements of a retaliation claim in the prison context); *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("[M]ere speculation that defendants acted out of retaliation is not sufficient."); *Pratt v. Rowland*, 65 F.3d 802, 806-07 (9th Cir. 1995) (explaining that it is the plaintiff's burden to prove the absence of a legitimate correctional goal and that courts "should afford appropriate deference and flexibility to prison officials" when evaluating proffered legitimate goals (citation and internal quotation marks omitted)).

**AFFIRMED.**